WR-82,828-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/11/2015 3:06:49 PM
Accepted 6/11/2015 3:56:19 PM
ABEL ACOSTA
CLERK

**Nos. WR-82, 828-01**

| | | |
|---|---|---|
| *EX PARTE* | § | **IN THE TEXAS** |
| **RODNEY Y. ANDERSON** | § | **COURT OF CRIMINAL APPEALS** |
| **TDCJ-ID # 01621165** | § | |
| | § | **[Cause No. 09-07-07255-CR(1) in the** |
| | § | **359th Judicial District Court** |
| | § | **Montgomery County, Texas]** |

RECEIVED
COURT OF CRIMINAL APPEALS
6/11/2015
ABEL ACOSTA, CLERK

**APPLICANT'S REPLY TO STATE'S RESPONSE REGARDING
APPLICANT'S MOTION TO EXTEND TIME TO CONTINUE WRIT
HEARING AND COMPLY WITH ORDER ISSUED ON MARCH 25, 2015**

TO THE HONORABLE JUDGES OF SAID COURT:

NOW COMES, Applicant, RODNEY Y. ANDERSON, who by and through undersigned counsel, respectfully replies to the State's Response to Applicant's Motion to Extend Time to Continue Writ Hearing and Comply with Order Issued on March 25, 2015 and would show as follows:

Applicant seeks an extension of the time allowed in this Honorable Court's March 25, 2015 Order, not for delay but for good cause. Applicant's requests a sixty (60) - day extension to and including September 21, 2015. Applicant's evidentiary hearing began as scheduled on May 27, 2015. For reasons discussed below and in Applicant's Motion, the trial Court could not continue the hearing on May 28, 2015 as previously scheduled. The hearing is currently scheduled to continue on June 16, 2015. Applicant seeks the sixty (60) - day extension for the same reasons previously outlined in his motion:

1. Undersigned counsel has the following professional conflicts:

1

Counsel Cynthia Orr is the current chair of the American Bar Association's Criminal Justice Section. In that capacity, she is scheduled to attend the following meetings and is unable to continue the hearing on June 16, 2015:

   a. ABA's Fighting Implicit Bias Committee Meeting scheduled on June 8-10, 2015 in Philadelphia, PA;

   b. ABA's 2015 London Sessions scheduled on June 11-15, 2015 in London, England; and

   c. International Society for the Reform of Criminal Law scheduled on June 21-25, 2015 in Edinburgh, Scotland.

2. Undersigned counsel has the following personal conflict:

Counsel Chris Griffith's wife is scheduled to give birth to their first child on June 19, 2015. Mrs. Griffith's doctors, based upon prior examination, had discussed inducing her on May 29, 2015, but following additional testing and examinations that day, chose not to. Mrs. Griffith's doctors have stated that they will induce should she not deliver on June 19, 2015 but have also stated that there is a significant possibility that she will deliver their child prior to that date. Mrs. Griffith has scheduled appointments with her obstetrician through June 19, 2015. As of this date, Mrs. Griffith has not given birth to their child.

3. Applicant's witness and trial attorney, Chris Tritico, has judicial conflicts throughout the month of June with limited availability, as does his counsel, Troy McKinney.

4. The trial Court has also informed undersigned counsel that it is not available the week of June 29, 2015.

Applicant disagrees with the State's opinion of and characterization of the proceedings thus far. The evidentiary hearing began on May 27, 2015 as scheduled. Applicant called Ms. Frances Madden, formerly a prosecutor on Applicant's case prior to trial. Amongst other things, Ms. Madden testified that she had been given neither a copy nor the original agreement between the Montgomery County Sheriff's Department and Jeffery Harmon for Mr. Harmon's services as an informant. She also stated that she did not recall seeing the documents shown to her purporting to be said agreement. This contradicted assertions by the trial prosecutor and sworn statements at trial that Ms. Madden had been given the original and only copy of an agreement with Mr. Harmon to be an informant. Furthermore, that the State now asserts that the agreement was found in the Sheriff's Department's files also contradicts these statements.

> MR. FREYER: Yesterday the Court asked me, my being in the best position to get a certain document, to produce a copy of the written contract between the SI Unit and the confidential informant.
> This morning Mr. Womack informed me that he had provided that to my predecessor, Frances Madden, sometime last year. Well, I'm representing to this Court as an officer of this Court and as a chief prosecutor in this court, my review of the file did not reveal -- she lost it. It's gone.
> THE COURT: Okay. 5RR7.

THE COURT: Okay. Tell me two things: First of all, was that the only copy of the contract executed between SIU -- you gave her the original; and you didn't keep a copy, Mr. Womack?
MR. WOMACK: No, ma'am. 5RR8.

THE COURT: Okay. Let's see. Detective Womack and Likens, if you will stand and raise your right hands.
(WITNESSES SWORN)
THE COURT: Okay. Detective Womack, just a moment ago I asked you if you retained a copy or if that was the original that went to Ms. Madden in the DA's office. And you told me that you did not retain a copy. And that, in fact, she had the only copy of that -- the original was the only version of that. Is that still true and correct?
MR. WOMACK: That is correct. 5RR10.

Detective Womack purportedly organized and directed the police operation that is at the heart of this case. He is also the individual who purportedly made the agreement with Mr. Harmon as an informant and supervised him during the operation. Ms. Madden also stated that she herself, as a prosecutor for Montgomery County, had filed formal complaints against Caryn McAnarney for filing false reports. Caryn McAnarney, at the time of the facts of this case, was employed as CSI for the Montgomery Sheriff's Department and collected much of the evidence in this case including narcotics evidence. Ms. McAnarney was terminated from the Sheriff's Department prior to trial, in part, for failing to perform testing she reported she had conducted and taking items from the property room to her home.

Trial defense attorney Chris Tritico would later testify that he was not told of the extent of Ms. McAnarney's involvement in this case including that she reportedly collected narcotics evidence from the scene that seems to be different in nature from that which was used at trial, was not told that she had been terminated under circumstances that called her integrity into question, and was not told that the District Attorney's office had previously filed complaints against Ms. McAnarney for making false reports. Mr. Tritico stated that he did not recall being given Ms. McAnarney's report of her investigation of the scene and what evidence she had collected. He also stated he had not been told by prosecutors that Ms. McAnarney had supposedly collected six white rocks of suspected methamphetamine at the scene when the narcotics evidence he was aware of was in powder form.

Applicant did call the records custodians for subpoenaed records on May 27, with the trial Court's suggestion, but disagrees with the State's characterization of these subpoenas. While the police operation at the heart of this case was conducted by a unit of the Montgomery Sheriff's Department, the individual officers and federal agent involved in the actual operation and arrests were from numerous agencies; the Montgomery Police Department, Conroe Police Department, Conroe Independent School District Police Department, and Immigration and Customs Enforcement.

The initial statements from eyewitnesses Cory Brummett and Lindsey Paras, which do not mention the officers wearing police attire or insignia, were taken on Conroe Police Department forms, not Sheriff's Department forms. Their statements are directly relevant to the issue designated by this Court: "…whether the State withheld material evidence of Anderson's innocence by failing to disclose that eyewitnesses had given statements at the scene in which they were unable to identify the armed men rushing Applicant as law enforcement officers, tending to show that Applicant and his co-defendant were not aware these men were law enforcement." As such, Applicant has cause to believe that further statements were taken on forms from the individual officer's departments and to subpoena materials from the individual departments involved in this case.

Applicant also called Cory Brummett, now a Montgomery County Sheriff's deputy, to testify regarding his eyewitness statements. In the days leading up to the hearing, Houston and the surrounding area, Montgomery County included, were inundated by rainfall that caused severe flooding. Part of the consideration to call the records custodians, all law enforcement officers, and Mr. Brummett to testify early in the day was that these individuals were needed to respond to emergencies caused by the flooding and it was unsure if they would be available later in the proceedings due to their duties as law enforcement officers.

6

During the course of the proceedings, the trial Court informed counsel that it could not continue the hearing the next day, May 28, 2015, as previously scheduled as it had to pick a jury for an upcoming trial. The trial Court suggested the hearing be continued to May 29, 2015. Undersigned counsel both had previously scheduled conflicts, as noted in Applicant's Motion, on May 29, 2015. Three witnesses, who were eyewitnesses to the incident at the heart of this case, had conflicts that limited their availability to return for a later hearing date. As such, counsel, out of an abundance of caution, called these witnesses and informed the trial Court that attorney Chris Tritico was subject to being recalled. These three eyewitnesses, including Lindsey Paras, recounted that they did not observe officers wearing identifiable clothing or insignia during the incident and only saw such after Applicant and his co-defendant had been arrested.

Mr. Tritico, in addition to the aforementioned statements, stated that he did not recall being given the initial statements of eyewitnesses Cory Brummett or Lindsey Paras that indicated that the officers were not wearing clothing or insignia identifying them as law enforcement officers. Applicant plans to recall Mr. Tritico to address additional matters regarding the issues designated by this Court. Additionally, Mr. Tritico has not been denied access to his file as the State alleges. Mr. Tritico does not have possession of his trial file, having given it to appellate counsel following the trial. Undersigned counsel is still attempting to locate the

7

file. Similarly, Ms. Frances Madden stated, that upon her recent review of the State's file in preparation for her testimony at the hearing, she was informed that the State is missing the portion of their file that would contain the trial prosecutors' notes regarding report and documents and pretrial proceedings.

Furthermore, Applicant did not choose not to call Ms. Andrea Kolski as alleged by the State. Applicant had to cease questioning witnesses when the trial Court informed counsel that it had a previously scheduled matter to attend to. In fact, the trial Court kindly altered its scheduled duties so that Applicant could call the three abovementioned eyewitnesses. Undersigned counsel understood that the hearing would be continued so that other witnesses could be called, but now the above conflicts present difficulty as to when this can occur.

WHEREFORE, PREMISES CONSIDERED, Applicant prays this Honorable Court grant his motion and extend the time by sixty (60) days, to and including September 21, 2015, so that the trial Court can continue the writ hearing, prepare a supplemental transcript and supplemental findings of fact and conclusions of law in order that it may comply with the Order issued on March 25, 2015.

Respectfully submitted:

CYNTHIA E. ORR
Bar No. 15313350
GOLDSTEIN, GOLDSTEIN & HILLEY
310 S. St. Mary's St.

8

29th Fl. Tower Life Bldg.
San Antonio, Texas 78205
whitecollarlaw@gmail.com
210-226-1463 phone
210-226-8367 facsimile

CHRISTOPHER M. GRIFFITH
Bar No. 24069072
LAW OFFICE OF CHRISTOPHER M. GRIFFITH
310 S. St. Mary's St., Ste. 1215
San Antonio, Texas 78205
cmarkgriffith@gmail.com
210-229-1444 phone
210-229-1445 facsimile

By:_/s/Christopher M. Griffith____
    CHRISTOPHER M. GRIFFITH

Attorneys for Applicant,
RODNEY Y. ANDERSON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion has been sent to Assistant District Attorney Bill Delmore, *via* e-mail, bill.delmore@mctx.org*,* as a participant of the electronic filing system - efiletexas.gov, on this the 11th day of June, 2015.

By:_/s/Christopher M. Griffith____
    CHRISTOPHER M. GRIFFITH

9